IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALVIN TAYLOR,

   Petitioner,

  v.         Case No. 21-CV-440

GREGORY VAN RYBROEK,

   Respondent.

---

## ANSWER TO PETITION FOR HABEAS CORPUS

---

Respondent Van Rybroek, by counsel, and pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court and this Court's order of August 9, 2021, answers Petitioner Alvin Taylor's petition for a writ of habeas corpus.

1. Admits that Taylor is in custody pursuant to a valid state order of commitment. On October 10, 1990, the Washington County Circuit Court entered an order of commitment, finding Taylor not guilty by reason of mental disease or defect to intentional homicide and committing Taylor to the Wisconsin Department of Health and Social Services. A copy of the WCCA case history in Washington County Case No. 1987CF368A is attached to this answer as Exhibit 1.

2.    Admits that this Court has jurisdiction over Taylor's petition. Mendota Mental Health Institute is located in Dane County, which is in the Western District of Wisconsin. This action is properly venued in this Court. *See* 28 U.S.C. §§ 130(a), 2241(d).

3.    As to state court proceedings, the respondent admits that Taylor filed a petition for conditional release in 2017. The circuit court held a hearing on Taylor's petition, and eventually denied Taylor's conditional release. Taylor filed a post-disposition motion challenging the constitutionality of the circuit court's decision under the United States Supreme Court case of *Foucha v. Louisiana*, 504 U.S. 71, 72 (1992). The circuit court denied Taylor's motion, concluding that *State v. Randall*, 192 Wis. 2d 800, 532 N.W.2d 94 (1995) controls. Taylor appealed, and the Wisconsin Court of Appeals affirmed. Taylor petitioned for Wisconsin Supreme Court review, but his petition was denied. The following documents from Taylor's state-court appeal are attached to this answer:

| | |
|---|---|
| Exhibit 2: | Taylor's Opening Brief on Appeal |
| Exhibit 3: | The State's Response Brief |
| Exhibit 4: | Taylor's Reply Brief |
| Exhibit 5: | The Wisconsin Court of Appeals' March 4, 2020, decision and order summarily affirming the circuit court's order |

Exhibit 6:  Taylor's petition for review in the Wisconsin Supreme Court

Exhibit 7:  The State's response to the petition for review

Exhibit 8:  The Wisconsin Supreme Court's order denying Taylor's petition for review

Exhibit 9:  WCCA case history in Court of Appeals Case No. 2019AP867

4. The respondent denies that Taylor is entitled to relief on his Fourteenth Amendment claim. The respondent affirmatively alleges that Taylor's constitutional rights have not been violated.  The respondent further alleges that the decision of the Wisconsin Court of Appeals on this claim is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

5. The respondent admits that Taylor exhausted his state-court remedies.

6. The respondent admits that Taylor's petition is not a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

7. The respondent admits that Taylor timely filed his petition under 28 U.S.C. § 2244(d)(1).

8.     The respondent admits that Taylor's grounds for relief are not barred by non-retroactivity principles.

9.     The respondent alleges that any constitutional violation was harmless error.

10.     The respondent denies that Taylor is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

## TRANSCRIPTS

The following relevant transcripts from Taylor's state-court proceedings are attached as follows:

Exhibit 10: Trial transcript, March 5—6, 2018

Exhibit 11: Trial transcript, March 20, 2018

Exhibit 12: Hearing transcript, February 21, 2018

## CONCLUSION

The respondent respectfully requests that this court deny Taylor's petition for a writ of habeas corpus and deny a certificate of appealability.

Dated this 17th day of September 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Abigail C. S. Potts
ABIGAIL C. S. POTTS
Assistant Attorney General
State Bar #1060762

Attorneys for Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7292
(608) 294-2907 (Fax)
pottsac@doj.state.wi.us